# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MARYLAND
## Greenbelt

FILED
2017 DEC 27 AM 8:00
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

GREENBELT-NIGHT BOX
2017 DEC 22 PM 6:47
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

17-17022   THERESA SAUNDERS   (Chapter 13)

## MOTION/REQUEST FOR RELEASE OF ATTORNEY

Theresa Saunders, Debtor, is requesting the release of Arlene Smith-Scott as my bankruptcy attorney in case #17-17022 such that I can replace her to hire another attorney to assist in my case. Ms. Saunders is requesting this release based upon unsatisfactory actions and irreconcilable differences in miscommunication that have affected her bankruptcy process and may impact the outcome for my case.

Throughout this process, there has been a conflict in communication whereby I have not received a sufficient understanding of this process, including expectations at the hearings. I have not been briefed prior to hearings such that I am prepared to address probable questions. When I requested copies of information that has been submitted to the Trustee, I have not received it. Ms. Scott has stated that I did not need to have it because she knows what to do. I explained my desire to have the documents is not a question of her capabilities, but that I always maintain copies of any personal legal documents in my files. She submitted an amended bankruptcy plan on December 12, 2017. I had not seen nor received a copy of this amended plan.

Most recently, Trustee Grigsby ordered that an amended plan was to be submitted by December 11 for review prior to the confirmation hearing scheduled for January 10. Prior to the deadline date and especially during the week of December 4, I spoke with Ms. Smith-Scott several times about the information needed for the revision and meeting to review the items for completion of the document. On Friday, December 8, we spoke again and I kept asking what time we would meet on Monday, December 11 to complete the amended package. She kept discussing the package; however, she never stated what time we would meet. On Saturday and Monday, I transmitted information to her. On Monday, I called her several times but never received an answer. Finally, approximately 4:00pm I spoke with the general operator at her office who informed me she was out of town on travel for the week. Ms. Scott never informed me during our several conversations of the prior week, especially on December 8, that she would not be in town to complete the amended plan for submission by December 11. Further, she did not make any plans for submission of the document by the deadline date prior to her departure.

On December 12, Ms. Scott' assistant returned my call to schedule a meeting for December 20th. I asked her about the meeting that was supposed to occur on December 11th, and she had no response, but asked about scheduling a meeting on December 20th. I asked about the revised plan that was supposed to be submitted on December 11. She again had no answer and asked to schedule a meeting for Dec. 20. I asked if a plan had been submitted. She stated they were in Cozumel, Mexico for the week. Ms. Smith-Scott took the telephone and said she needed information to revise the plan. I informed her that I already emailed the information to her. Then, I asked why she had not told me she would be out of town and had not made arrangements to complete the plan prior to her departure. She informed me that her location was her business not mine.

This is just a recent example of the communication conflict that has been occurring over several months during this process.

I was surprised that Ms. Smith-Scott did not meet with me to submit a revised plan by the designated deadline date prior to her leaving for travel. However, I was more surprised that she was on vacation and did not tell me she would be unavailable on December 11th to complete the plan as I had anticipated. I was equally disappointed that she did not make plans for submitting the documents to meet the submission date before she went on vacation.

In order to comply with the rules and requirements of this bankruptcy court, I need an attorney to work with me to prepare documents clearly with sufficient information; review the information with me and provide feedback if additional information is needed (explain any deficiencies); submit documents timely to this court; and provide me with a copy of the documents submitted. The perception of actions necessary for compliance with these requirements is different for me versus Ms. Smith-Scott. I am requesting that this Honorable Court allow me to release her from representing me as my attorney in this bankruptcy case such that I find more compatible legal representation.

Respectfully submitted,

_____  12/22/2017
Theresa Saunders, Case #17-17022

Copy mailed first class to:

Arlene Smith-Scott, Esq.
Strategic Law Group, LLC.
16701 Melford Boulevard, Suite 400
Bowie, Maryland 20715