THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| THERESA WESTON SAUNDERS | * | CASE NO. 17-17022 |
| | * | |
| Debtor | * | CHAPTER 13 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEBTOR'S RESPONSE TO LEGAL COUNSEL'S RESPONSE IN SUPPORT OF DEBTOR'S REQUEST FOR RELEASE OF ATTORNEY

Comes now Debtor, Theresa Saunders, respectfully presents and submits responses and clarification for inconsistent and inaccurate statements presented by Legal Counsel Arlene Smith-Scott in support of release. Debtor appreciates Legal Counsel's consent to the release. Debtor respectfully notes that it was not her intention to present the following specific facts of unprofessional interaction with the Legal Counsel. However, it is necessary to correct statements erroneously presented by Legal Counsel.

On December 12, 2017, Debtor Theresa Saunders contacted the Office of the Bankruptcy Court in Greenbelt, Maryland, to obtain the process and instructions for the release of Arlene Smith-Scott as her Legal Counsel. Debtor Saunders decided to release Counsel based on the following:

1. On Monday, December 11, a new bankruptcy plan package was due to the Trustee Nancy Grigsby. **Legal Counsel failed to submit the required revised plan to Trustee by the deadline date of December 11 because she went on vacation to Cozumel, Mexico, without any notice.** Debtor had spoken with Legal Counsel several times during the prior week of December 5-8 and at no time did Legal Counsel indicate she would be out of town such that the plan needed to be completed earlier because she would not be available.
    a. Despite their conversation on Friday December 8, Legal Counsel did not inform Debtor that she would be unavailable to prepare and submit the package on the following Monday, December 11. Based on their conversation, Debtor expected to meet with Legal Counsel on Monday, December 11 to complete the package that was due.
    b. Debtor emailed updated information on the four complex court cases of her properties and other information to complete the new package.
    c. Debtor took 8 hours annual leave to assist in the preparation of the package.
    d. After attempting to contact Legal Counsel all day, Debtor learned at 5:00pm that Legal Counsel was on vacation out of the country.

   e. On December 12, Legal Counsel responded to Debtor's telephone calls regarding failure to meet the Trustee's deadline. Legal Counsel emailed Debtor and stated her vacation time was not Debtor's concern. *(See email dated 12/12)*

2. **Legal Counsel has refused to provide Debtor with copies of any documents submitted to this court.** The only document provided to Debtor was the initial bankruptcy package, which I received after assisting in the preparation.

   a. Debtor is unaware and has not received a copy of anything else Legal Counsel has submitted for this case. Legal Counsel stated that Debtor doesn't need to see any documents, because she knows what she is doing and asking for copies makes it seem she does not know. Debtor has not seen the Motion to Employ Attorney, Response to Lift and Stay nor the plan she submitted December 13, although it has Debtor's signature.

3. **Legal Counsel changed the date of the initial Trustee conference without discussion with Debtor** and told Debtor that the date was changed by the court from June to August. When Debtor asked the court for the reason of the change, she was informed Legal Counsel requested a change in the date. This was inconsistent with Legal Counsel's explanation.

4. **The Bankruptcy Court did not accept a payment from the Trustee's Account, so the Debtor had to pay the fee directly, although she had already submitted funds to Legal Counsel.** The Bankruptcy Court explained the problem with receipt from the Legal Counsel's account and provided a resolution for payment by the Debtor. (See emails 7/18, 7/25, 8/1, 8/4)

5. **Legal Counsel did not inform Debtor that a second certificate had to be completed and submitted to Bankruptcy Court, specifically Certificate for Personal Financial Management**, so Bankruptcy Court sent letter to Debtor indicating dismissal of case if not completed. (See emails 8/20, 8/24)

6. Debtor provided Legal Counsel with several emails of detailed information to review, comment and submit to Creditors and the Trustee, especially regarding her properties. (See emails dated 6/26, 6/28, 7/7, 8/1, 8/20, 8/24)

7. **On Tuesday, December 12, Debtor decided to pursue the release of Legal Counsel after she failed to submit required revised plan to Trustee by the deadline date of December 11 because she went on vacation to Cozumel, Mexico without completing task or notifying Debtor.** After learning Counsel was on vacation without meeting the Trustee's deadline nor making plans to do so, Debtor contacted the Bankruptcy Court to find out the repercussions of not submitting the package timely and the procedures to release Legal Counsel from representation.

8. **Debtor never agreed to meet with Legal Counsel on December 20, because Debtor had no confidence in representation by Legal Counsel after the deadline was missed due to her vacation.** Debtor was not going to waste time meeting with a Legal Counsel who she felt was not properly representing her interest.

**With regards to the specific statements and emails presented by Legal Counsel** in her response to Plaintiff's request for release, Debtor submits the following (with references to those emails):

1. **Debtor agrees** with this statement.

2. **Debtor partially denies and partially agrees with this statement.** Debtor has requested copies of all documents submitted on her behalf and Legal Counsel has refused.
   a. Debtor agrees Legal Counsel prepared the Bankruptcy Schedules with the assistance of Debtor; Statement of Financial Affairs and Calculation of Disposable Income submitted on May 22, 2017.
   b. Debtor is totally unaware and has never seen submissions to the court for responses to the Inquiries of Creditors, nor to Rushmore Motion to Lift Stay, nor the final Motion to Employ. Both the Debtor and Attorney Gaffigan requested changes to the initial lengthy Motion to Employ, which was a template that included numerous items not employed by Debtor from Attorney Gaffigan. Several erroneous statements about his representation were asked to be deleted. No response was ever received from Legal Counsel.

3. **Debtor disagrees with this statement.** Debtor has sought clarification on several phases of this process and copies of documents. As stated above, Counsel has refused to provide copies and was told that she appeared to be questioning counsel's capability. Debtor explained that she always maintains copies of all official financial documents. Debtor continually sought clarification and Legal Counsel refused. *(See emails 8/1, 8/20, 8/24, 9/1, 9/8, 10/9, 12/11)*

4. **Debtor denies this statement.** Debtor has submitted numerous documents to counsel and requested her responses, but not received any response on adjustments needed. Legal Counsel appeared to have not reviewed most of the information submitted to her by Debtor. *(See emails 8/1, 8/20, 8/24, 9/1, 9/8, 10/9, 10/24, 10/31, 11/27, 12/11 )*

5. **Debtor disagrees with this statement**. Debtor decided on December 12 to pursue release of Legal Counsel after she failed to submit required revised plan to Trustee by the deadline date of December 11 because she went on vacation. Debtor had spoken with Legal Counsel several times during week of December 5-8 and at no time did Legal Counsel indicate the package needed to be completed earlier because she would not be available. As late as Friday, December 8, there was a conversation to meet to complete the package on Monday December 11th. Debtor had considered releasing Legal Counsel previously, due to differences in professional expectations.

6. **Debtor presents to the Court that on December 12th she had already contacted the Bankruptcy Court to pursue the process for release of Legal Counsel from representation**. Correspondence from Legal Counsel occurred after the fact.

7. To date, Debtor has not received the December 28th letter from Legal Counsel by mail.

8. Debtor mailed a copy to Legal Counsel.

9. **Debtor disagrees with this statement**. There has been no discussion about release of client-attorney protection. Debtor is not knowledgeable of these parameters, but believes this should have been jointly discussed prior to Legal Counsel's release of emails. Ironically, emails support Debtor's constant pursuit of clarification and submission of numerous documents to Legal Counsel throughout this process. *(See emails 8/1, 8/20, 8/24, 9/1, 9/8, 10/9, 12/11)*

10. **Debtor denies this statement**. Based on conversations throughout the week of December 5 to December 8, Debtor and Legal Counsel discussed meeting to complete the submission of the package on Monday, December 8th. It was not unusual for Legal Counsel to provide a meeting time to Debtor on the day a meeting or drop-off of documents was to occur, instead of setting a time in advance.
    a. Debtor never agreed to meet Legal Counsel on December 20th because there was no reason to do so. Legal Counsel failed to meet Trustee's deadline on December 11th for submission of a new package. Debtor informed Legal Counsel that she had already taken annual leave on December 11th to meet with her and it was unreasonable to expect Debtor to take leave again when the deadline had been intentionally missed by Legal Counsel due to her vacation.
    b. Legal Counsel's assistant contacted Debtor from Mexico and requested a meeting on December 20th. However, Debtor only wanted to know why Legal Counsel did not submit the required package. Debtor never agreed to meet on December 20th and had no intention of doing so. Debtor feels that intentionally missing a court deadline is extremely unprofessional.

11. **Debtor disagrees with this statement.** Many documents have been submitted to Legal Counsel and not reviewed by her. *(See emails 8/1, 8/20, 8/24, 9/1, 9/8, 10/9, 10/24, 10/31,11/27, 12/11)*

12. **Debtor disagrees with this statement.** Debtor informed Legal Counsel about the retainer with Attorney Gaffigan for title services on one of her properties. Debtor requested an advance copy of the proposed Motion to Employ to review and discuss with Gaffigan prior to document being finalized. Instead, Legal Counsel transmitted a package to Gaffigan without allowing Debtor to review and notify Gaffigan in advance. After receipt of the document, both Debtor and Gaffigan had several changes that were needed to the lengthy document. An advance copy to Debtor would have reduced time and amount of changes expressed by Attorney Gaffigan.

13. *__Debtor was not informed of this response and has not seen a copy of the response__*. Debtor emailed Attorney Rogers who represents Creditor – Rushmore, regarding the Motion to Lift Stay. Per their telephone conversation, as of December 15, the Attorney Rogers had not received any response from Legal Counsel. *(See 12/13, 12/15)*

14. **Legal Counsel transmitted this list after the deadline in response to Debtor complaining about failure to meet the December 11th deadline.** The information had already been updated and emailed to Legal Counsel on December 11th, and in previous emails more than once.

15. **Debtor disagrees with this statement.** Legal Counsel often did not answer telephone calls. She refused to provide copies of documents submitted to the courts. She would not clarify the process when requested.

16. **Debtor disagrees with this statement.** Obviously, the changing of legal representation will impact this case. Debtor will require time to locate and update a new legal counsel on this case.

17. Debtor agrees the release of Counsel is in the best interest of moving forward with this case.

18. **Debtor disagrees with this statement.** Legal Counsel has not provided the expected professional advice on bankruptcy to Debtor. She has not provided clarity, communication and missed deadlines, i.e. December 11th deadline for submission of a new plan package. Debtor and Legal Counsel have very different interpretations and expectations of professional legal counsel representation.

WHEREFORE, Debtor submits this response to clarify misstatements by Legal Counsel Arlene Smith-Scott in her support of Debtor's Motion for Release of her as bankruptcy attorney.

Respectfully submitted,

Theresa Saunders, Debtor
Bankruptcy Case No. 17-17022
301-651-2355

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 17th day of January, 2018, a copy of the foregoing Response to the Legal Counsel's Response in Support of Motion for Release was mailed by first class postage to the following:

1. Attorney Arlene Smith-Scott, Strategic Law Group, LLC 16701 Melford Blvd, Suite 400, Bowie, MD 20715
2. Chapter 13 Trustee, Nancy Spencer Grigsby, 185 Admiral Cochrane Drive, Suite 240, Annapolis, MD 21401

Respectfully submitted,

Theresa Saunders, Debtor

301-651-2355